# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLE, | CASE NO. 1:09-cv-00476-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| MUNOZ, et al., | |
| Defendants. | (Doc. 1) |
| | RESPONSE DUE WITHIN THIRTY DAYS |

**I.   Screening Order**

Plaintiff James Cole ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on March 13, 2009. (Doc. 1.) Plaintiff's complaint is presently before the Court for screening.

**A.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2   exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3   506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
4   and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ.
5   Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's
6   claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the
7   liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams,
8   490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not
9   supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union
10  Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268
11  (9th Cir. 1982)).

      **B.**     **Summary of Plaintiff's Complaint**

13  Plaintiff is currently a state prisoner at Corcoran State Prison ("CSP") in Corcoran,
14  California, where the acts he complains of occurred. Plaintiff names the following defendants:
15  Lt. Munoz, Sgt. Dicks, C/O Rocha, C/O Blasdell, CC II J. Jones, CC II Cano, and CC II
16  Hicumbontom. (Doc. 1, Pl.'s Compl. 1.)
17  Plaintiff alleges the following. On September 30, 2007, Defendants Rocha and Blasdell
18  asked Plaintiff if he wished to attend a 602 inmate appeal interview. Plaintiff agreed and was
19  cuffed and escorted out of his cell. Plaintiff was then told he had to put on a spit mask because
20  he was attending a 115 disciplinary hearing instead. Plaintiff at this point stated his refusal to
21  attend and asked to be returned to his cell. Defendants Lt. Munoz and Sgt. Dicks were then
22  summoned. Lt. Munoz slammed the spit mask onto Plaintiff's head. Munoz then ordered Rocha
23  and Blasdell to slam Plaintiff to the ground in order to apply shackles to Plaintiff's ankles.
24  Rocha and Blasdell first slammed Plaintiff into a wall, then to the ground. While Plaintiff was
25  on the ground, Rocha put a knee into Plaintiff's lower back and Blasdell put a knee at the side of
26  Plaintiff's head and both then punched Plaintiff in his ribs and upper body hard. Lt. Munoz then
27  asked Plaintiff if he had enough. Plaintiff again asked to be returned to his cell, but was taken to
28  the office instead. (Pl.'s Compl. 3-4.)

1   Sgt. Dicks had filed a false disciplinary report against Plaintiff alleging he had assaulted Dicks.  Plaintiff filed a 602 inmate appeal alleging that Dicks failed to provide Plaintiff with witnesses to interview in preparation for the disciplinary hearing.  Sgt. Dicks and Munoz conspired to trick Plaintiff out of his cell, and then arranged to use excessive force on Plaintiff in retaliation for his filing of the 602 inmate appeal.  (Pl.'s Comp. 4-5.)

Plaintiff was obstructed from exhausting his administrative remedies by J. Jones, L. Cano, and Hincumbontom by continuously refusing over 8 months to locate Plaintiff's inmate appeal despite Plaintiff's numerous requests as to its location.  (Pl.'s Compl. 6.)

Plaintiff requests as relief monetary damages and expungement of his central file.

## C. Plaintiff's Claims

### 1. Eighth Amendment

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind."  Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

3

cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's complaint states cognizable claims for excessive force against defendants Rocha, Blasdell, Munoz, and Dicks.

### 2. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's complaint states cognizable claims for retaliation against defendants Rocha, Blasdell, Munoz, and Dicks.

### 3. Inmate Appeals

Plaintiff alleges a violation of the First Amendment by defendants Jones, Cano, and Hicumbontom for failure to process Plaintiff's inmate appeal and obstructing Plaintiff's ability to exhaust administrative remedies. Inmates are not entitled to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Mere failure to comply with prison regulations concerning inmate appeals processing will not state a constitutional claim.

1    Furthermore, Plaintiff's claim does not rise to the level of an access to the courts
2 deprivation. Inmates have a fundamental constitutional right of access to the courts. Lewis v.
3 Casey, 518 U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas
4 petitions, and civil rights actions. Id. at 354.  Claims for denial of access to the courts may arise
5 from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking
6 access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking
7 claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

8    A necessary element for this claim requires that plaintiff show he suffered an "actual
9 injury" by being shut out of court.  Harbury 536 U.S. at 415; Lewis, 518 U.S. at 351.  The second
10 element requires that plaintiff show defendant proximately caused the alleged violation of
11 plaintiff's rights, the touchstone of which is foreseeability.  Crumpton v. Gates, 947 F.2d 1418,
12 1420 (9th Cir. 1991) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)); see Tahoe-Sierra Pres.
13 Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 784-85 (9th Cir. 2000).
14 Finally, the third element requires that plaintiff show he has no other remedy than the relief
15 available via *this* suit for denial of access to the courts.  Christopher, 536 U.S. at 415.

16    Here, Plaintiff's allegations do not indicate he was shut out of court.  Whether Plaintiff
17 will be shut out of court in the future by defendants' alleged constitutional violation  has yet to
18 occur.  Plaintiff thus fails to state a cognizable claim against defendants Jones, Cano, and
19 Hincumbontom.

20 **II.    Conclusion**

21    Plaintiff has stated a cognizable claim against defendants Munoz, Dicks, Rocha, and
22 Blasdell for excessive force in violation of the Eighth Amendment and retaliation in violation of
23 the First Amendment.  Plaintiff fails to state any other cognizable claims against any other
24 defendants.  The Court grants Plaintiff leave to file an amended complaint within thirty days.

25    If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding
26 only against defendants Munoz, Dicks, Rocha, and Blasdell, Plaintiff may so notify the Court in
27 writing.  The Court will then issue an order dismissing defendants Jones, Cano, and
28

1  Hincumbontom from this action, and will forward Plaintiff four summonses and four USM-285
2  forms for completion and return.  Upon receipt of the forms, the Court will direct the United
3  States Marshal to initiate service of process.
4        If Plaintiff opts to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P.
5  8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's
6  constitutional or other federal rights.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Although
7  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the
8  speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations
9  omitted).
10       Plaintiff is further advised that an amended complaint supercedes the original complaint,
11 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
12 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
13 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an
14 original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d
15 at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord
16 Forsyth, 114 F.3d at 1474.
17       Based on the foregoing, it is HEREBY ORDERED that:
18     1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;
19     2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must
20         either:
21         a.    File a first amended complaint curing the deficiencies identified by the
22             Court in this order, or
23         b.    Notify the Court in writing that Plaintiff does not wish to file an amended
24             complaint and wishes to proceed only on the claims identified by the Court
25             as viable/cognizable in this order;
26     3.    Plaintiff may not add any new, unrelated claims to this action via the first
27         amended complaint and any attempt to do so will result in an order striking the
28         first amended complaint;  and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **July 21, 2009**                               **/s/ Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE