# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLE, | CASE NO. 1:09-cv-00476-DLB (PC) |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS |
| v. | (Docs. 6, 7) |
| MUNOZ, et al., | |
| Defendants. | |
| _____/ | |

**Order Following Screening**

Plaintiff James Cole ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on March 13, 2009. (Doc. 1.) The Court screened Plaintiff's complaint on July 22, 2009 and found that it stated cognizable claims against Defendants Munoz, Dicks, Rocha, and Blasdell for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment, but failed to state any other cognizable claims. The Court ordered Plaintiff to either file an amended complaint curing the deficiencies identified or notify the Court of his willingness to proceed only against Defendants Munoz, Dicks, Rocha, and Blasdell. On August 3, 2009, Plaintiff notified the Court that he was willing to proceed only against Defendants Munoz, Dicks, Rocha, and Blasdell for his excessive force and retaliation claims. Accordingly, the Court issues the following order.

1

A.      **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

B.      **Summary of Plaintiff's Complaint**

Plaintiff is currently a state prisoner at Corcoran State Prison ("CSP") in Corcoran, California, where the acts he complains of occurred.  Plaintiff names the following defendants: Lt. Munoz, Sgt. Dicks, C/O Rocha, C/O Blasdell, CC II J. Jones, CC II Cano, and CC II Hicumbontom.  (Doc. 1, Pl.'s Compl. 1.)

Plaintiff alleges the following.  On September 30, 2007, Defendants Rocha and Blasdell asked Plaintiff if he wished to attend a 602 inmate appeal interview.  Plaintiff agreed and was cuffed and escorted out of his cell.  Plaintiff was then told he had to put on a spit mask because he was attending a 115 disciplinary hearing instead.  Plaintiff at this point stated his refusal to attend and asked to be returned to his cell.  Defendants Lt. Munoz and Sgt. Dicks were then

2

summoned.  Lt. Munoz slammed the spit mask onto Plaintiff's head.  Munoz then ordered Rocha and Blasdell to slam Plaintiff to the ground in order to apply shackles to Plaintiff's ankles.  Rocha and Blasdell first slammed Plaintiff into a wall, then to the ground.  While Plaintiff was on the ground, Rocha put a knee into Plaintiff's lower back and Blasdell put a knee at the side of Plaintiff's head and both then punched Plaintiff in his ribs and upper body hard.  Lt. Munoz then asked Plaintiff if he had enough.  Plaintiff again asked to be returned to his cell, but was taken to the office instead.  (Pl.'s Compl. 3-4.)

Sgt. Dicks had filed a false disciplinary report against Plaintiff alleging he had assaulted Dicks.  Plaintiff filed a 602 inmate appeal alleging that Dicks failed to provide Plaintiff with witnesses to interview in preparation for the disciplinary hearing.  Sgt. Dicks and Munoz conspired to trick Plaintiff out of his cell, and then arranged to use excessive force on Plaintiff in retaliation for his filing of the 602 inmate appeal.  (Pl.'s Comp. 4-5.)

Plaintiff was obstructed from exhausting his administrative remedies by J. Jones, L. Cano, and Hincumbontom by continuously refusing over 8 months to locate Plaintiff's inmate appeal despite Plaintiff's numerous requests as to its location.  (Pl.'s Compl. 6.)

Plaintiff requests as relief monetary damages and expungement of his central file.

**C.**     **Plaintiff's Claims**

    **1.**     **Eighth Amendment**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments

necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id.  (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's complaint states cognizable claims for excessive force against defendants Rocha, Blasdell, Munoz, and Dicks.

### 2.   Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's complaint states cognizable claims for retaliation against defendants Rocha, Blasdell, Munoz, and Dicks.

### 3.   Inmate Appeals

Plaintiff alleges a violation of the First Amendment by defendants Jones, Cano, and

4

1   Hicumbontom for failure to process Plaintiff's inmate appeal and obstructing Plaintiff's ability to

2   exhaust administrative remedies.  Inmates are not entitled to a specific prison grievance

3   procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855

4   F.2d 639, 640 (9th Cir. 1988)).  Mere failure to comply with prison regulations concerning

5   inmate appeals processing will not state a constitutional claim.

6          Furthermore, Plaintiff's claim does not rise to the level of an access to the courts

7   deprivation. Inmates have a fundamental constitutional right of access to the courts.  Lewis v.

8   Casey, 518 U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas

9   petitions, and civil rights actions.  Id. at 354.  Claims for denial of access to the courts may arise

10  from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking

11  access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking

12  claim).  Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

13         A necessary element for this claim requires that plaintiff show he suffered an "actual

14  injury" by being shut out of court.  Harbury 536 U.S. at 415; Lewis, 518 U.S. at 351.  The second

15  element requires that plaintiff show defendant proximately caused the alleged violation of

16  plaintiff's rights, the touchstone of which is foreseeability.  Crumpton v. Gates, 947 F.2d 1418,

17  1420 (9th Cir. 1991) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)); see Tahoe-Sierra Pres.

18  Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 784-85 (9th Cir. 2000).

19  Finally, the third element requires that plaintiff show he has no other remedy than the relief

20  available via this suit for denial of access to the courts.  Harbury, 536 U.S. at 415.

21         Here, Plaintiff's allegations do not indicate he was shut out of court.  Whether Plaintiff

22  will be shut out of court in the future by defendants' alleged constitutional violation  has yet to

23  occur.  Plaintiff thus fails to state a cognizable claim against defendants Jones, Cano, and

24  Hincumbontom.

25  **II.    Conclusion**

26         Plaintiff has stated a cognizable claim against defendants Munoz, Dicks, Rocha, and

27  Blasdell for excessive force in violation of the Eighth Amendment and retaliation in violation of

28  the First Amendment.  Plaintiff fails to state any other cognizable claims against any other

defendants.  Plaintiff was provided the opportunity to amend his complaint, curing the
deficiencies identified herein, but declined.  The Court thus finds that further leave to amend is
unnecessary at this time.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)

Based on the foregoing, it is HEREBY ORDERED that:

1.      This action proceed on Plaintiff's complaint, filed March 13, 2009, against
        Defendants  Munoz, Dicks, Rocha, and Blasdell for excessive force in violation of
        the Eighth Amendment and retaliation in violation of the First Amendment;

2.      Defendants Jones, Cano, and Hincumbontom are dismissed from this action for
        failure to state a claim upon which relief may be granted.


IT IS SO ORDERED.

Dated:   **March 8, 2010**                    **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

6