# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLE,<br><br>    Plaintiff,<br><br>    v.<br><br>MUNOZ, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-00476-OWW-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Docs. 22, 26, 27)<br><br>THIRTY-DAY DEADLINE |

## I.   Procedural History

Plaintiff James Cole ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed March 13, 2009, against Defendants Munoz, Dicks, Rocha, and Blasdell for retaliation in violation of the First Amendment and excessive force in violation of the Eighth Amendment. (Doc. 1.) Defendants filed a motion for judgment on the pleadings or in the alternative an unenumerated motion to dismiss on August 9, 2010. (Doc. 22.) Plaintiff filed an opposition on December 10, 2010,[1] and Defendants filed a reply on December 13, 2010. (Docs. 26, 27.)

## II.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

---

[1] Plaintiff was notified of the requirements for opposing a motion to dismiss for failure to exhaust by order issued April 9, 2010. (Doc. 11.)

1

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006). All available remedies must be exhausted, not just those remedies that meet federal standards, Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Id at 741; see Woodford, 548 U.S. at 93.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs., tit. 15 § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which defendants have the burden of raising and proving the absence of exhaustion. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and decide disputed issues of fact." Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting Wyatt, 315 F.3d at 1119-20). If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira, 427 F.3d at 1171.

///

### III.   Discussion

On September 28, 2007, Plaintiff filed an inmate grievance ("602"), alleging a due process violation for being denied a request to interview witnesses in preparation for a rule violation hearing, in which Plaintiff was accused of assaulting Defendant Dicks. Defendant Dicks allegedly removed the appeal from the box, and told Defendant Munoz of its contents. Defendant Munoz then ordered that the disciplinary hearing be conducted before his appeal could be heard. (Doc. 1, Comp., p. 4.)

On September 30, 2007, Defendants Rocha and Blasdell told Plaintiff that he was going to be taken for a "602 interview." Once they entered the rotunda, Plaintiff was told he was going to be taken to a rule violation hearing and had to wear a spit mask. Plaintiff responded that he didn't want to attend the hearing and asked to be taken back to his cell. Defendants Rocha and Blasdell refused to take him back to his cell, (id., § IV), and slammed Plaintiff face first against a wall and then onto the ground, (id., p. 4.) Correctional Officer Bowman rushed to the office and returned with Defendants Munoz and Dicks. (Id., § IV.)

Defendant Munoz slammed the spit mask over Plaintiff's face, striking him in the face, and then ordered Defendants Rocha and Blasdell to slam him to the ground and apply shackles to his ankles. Defendant Rocha and Blasdell were on top of Plaintiff and he was punched in the ribs and upper body eight to twelve times. (Id., p. 4.) Defendant Dicks did not intervene in the incident, but laughed at Plaintiff's request to be taken back to his cell and told Defendants Rocha and Blasdell to use excessive force against Plaintiff. (Id., pp. 3-4.) Defendant Munoz then ordered Defendants to drag Plaintiff to the office. (Id., p. 4.)

Plaintiff filed a 602 on October 7, 2007. (Id., p. 11.) On December 16, 2007, Plaintiff submitted an inmate request for interview asking for the status of the 602. He received a response on December 19, 2007, that the appeal was currently being reviewed in the warden's office and would be forwarded to him as soon as it was completed. (Id., p. 8.) On December 18, 2008, the response to Plaintiff's appeal was signed by the warden. (Id., p. 15.) Defendants allege that Plaintiff received a copy of the second level response on December 19, 2007. (Doc. 22-1, p. 3.)

1         On March 23, 2008, Plaintiff submitted a 602 complaining that he had contacted CCI Giacomi seven times, in writing, requesting a response to his second level appeal, and that an eighth request in writing had been sent through second watch floor staff. (Doc. 1, pp. 19-20.) On April 11, 2008, Ms. Jones noted that Cole had received a copy of the response on December 19, 2007, but sent him another copy. (Doc. 22-5, pp. 4, 55.)  On April 29, 2008, Plaintiff submitted an inmate request for interview stating that he had asked for his 602 to be located. (Doc. 1, p. 8.)  Plaintiff received a response dated May 6, 2008, stating that inmate appeals had been contacted regarded the complaint. (Id., p. 9.)

         On June 7, 2008, CCI Giacomi attached a copy of the 602 to Plaintiff's request for an interview and forwarded it to Plaintiff. (Id., p. 19.)  Plaintiff alleges that he did not receive a copy of the second level response until August 28, 2008. (Docs. 1, p. 23; 26, p. 1.)  Plaintiff submitted the directors level review on September 11, 2008.  The director's level appeal was screened out as it was not filed within working days of Plaintiff receiving the second level response. (Id., p. 17.)  Plaintiff did not appeal the director's level response.

         The parties agree that Plaintiff failed to exhaust his administrative remedies, the issue is whether exhaustion is excused.  Where circumstances render exhaustion of remedies unavailable exhaustion is not required. Sapp. 623 F.3d at 822; Nunez v. Duncan, 591 F.3d 1217, 1225 (9th Cir. 2010.)  An exception exists where the inmate took reasonable and appropriate steps to exhaust his administrative remedies and was unable to exhaust through no fault of his own. Nunez, 591 F.3d at 1224.

         Plaintiff states that he did not receive the second level response until August 28, 2008, and filed his Director's level appeal within fifteen days.  He could not file the Director's level appeal earlier because he did not receive the second level response due to Defendants failing to provide him with a copy.  Plaintiff argues the exhaustion requirement is excused because it was not the fault of Plaintiff, but "overwhelmingly the fault of the state." (Doc. 26, p. 2.)

         Defendants' argue that Plaintiff failed to take reasonable steps to obtain a copy of the second level appeal, as he waited until March 23, 2008, to followup and request a copy. Defendants' records show that Plaintiff received a copy of the response on December 19, 2007.

4

1  Additionally, he received a copy in April 2008, and again in June of 2008.  Plaintiffs' directors
2  level appeal was found to be untimely as he received the second level appeal in June 2008, at the
3  latest, he did not comply with the procedures as required, and failed to exhaust his administrative
4  remedies.  (Doc. 22, pp. 7-8.)  Defendants request that the Court consider that Plaintiff has
5  changed his account of his attempts to obtain a copy of his complaint.  On March 23, 2008,
6  Plaintiff claimed that he made seven requests in writing to CCI Giacomi.  In his motion to
7  dismiss Plaintiff claims that he made the requests "verbally and politely on site . . . numerous
8  times . . . with negative results," but doesn't mention any written requests or provide
9  documentation of written requests.  (Doc. 27, p. 2.)  Additionally, Plaintiff did not take
10 reasonable steps to protect himself as he did not dispute the director's level finding and assert
11 that he did not receive the copy until August 28, 2008.  (Doc. 22, pp. 8-9.)

12      The Court is not persuaded by Defendants' argument that Plaintiff's failure to dispute the
13 director's level finding would be unreasonable.  Nothing in the procedures set out by the state
14 indicate that an inmate can dispute a director's level finding and have it reconsidered.  In fact,
15 inmates are informed that "[o]nce a decision has been rendered at the Director's Level of
16 Review, your administrative remedies will be considered exhausted."  (Doc. 1, p. 15.)  The
17 directors level decision itself does not mention any procedure for an inmate who disputes the
18 findings.  (Id., p. 17.)  Therefore, when the inmate receives the directors level decision it would
19 not be unreasonable for him to believe that he has exhausted his remedies and can proceed with a
20 civil action.

21      While Defendants argue that Plaintiff did not take reasonable steps to resolve his appeal
22 because he did not request a copy of the complaint until March 2008, in his verified complaint
23 Plaintiff states, under penalty of perjury, that he requested a copy of the complaint numerous
24 times.  (Doc. 1, p. 6.)  Although Defendants exhibits establish that a copy of the second level
25 review was forwarded to Plaintiff on three occasions, there is nothing to show that Plaintiff
26 actually received the document.  Plaintiff states that he did not receive a copy until August 28,
27 2008.  (Doc. 26, pp. 2, 3.)

28      In this case the Court is presented with two differing versions of the facts regarding when

5

Plaintiff received the second level appeal response.  Under these circumstances the Court cannot make the necessary credibility determination to resolve the exhaustion issue on a motion to dismiss.  Defendants have not carried their burden of establishing failure to exhaust administrative remedies and the motion to dismiss for failure to exhaust will be denied.

**IV.     Conclusion and Recommendation**

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss based on Plaintiff's failure to exhaust administrative remedies, filed August 9, 2010, be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     December 22, 2010

UNITED STATES MAGISTRATE JUDGE