# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLE,<br><br>                    Plaintiff,<br><br>       v.<br><br>LIEUTENANT MUNOZ, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:09-cv-00476-AWI-SAB (PC)<br><br>ORDER GRANTING IN PARTY PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES<br><br>Motions In Limine<br>Hearing:     April 2, 2013, 8:00 a.m<br>             Courtroom 2<br><br>Trial:       April 2, 2013, 8:30 a.m<br>             Courtroom 2 |

    This civil rights action proceeds on Plaintiff James Cole's complaint filed on March 13, 2009. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR), brings this action pursuant to 42 U.S.C. § 1983 against correctional officials for the violation of his federal constitutional rights. Specifically, the issues for trial are whether Defendants Munoz, Dicks, Rocha, and/or Blasdell violated Plaintiff's Eighth Amendment rights by using excessive force and/or whether Defendants violated Plaintiff's First Amendment rights by retaliating against him for petitioning the government.

    Pursuant to the Court's Second Scheduling Order, on September 13, 2012, Plaintiff filed a motion for the attendance of incarcerated witnesses Scott Hamby, #K-57847 and Patrick Brady, # J-89194. On November 26, 2012, Defendants filed an opposition, and on December 12, 2012, Plaintiff filed a reply.

//

The Second Scheduling Order stated:

> 1. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u> - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court. The Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.
>
> A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file concurrent with the pre-trial statement a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."
>
> The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.
>
> The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.
>
> The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

CM/ECF #43 (Second Scheduling Order).

As to both of Plaintiff's proposed incarcerated witnesses, Scott Hamby, #K-57847, and Patrick Brady, #J-89194, Plaintiff has met the above standard. Both Scott Hamby, #K-57847, and Patrick Brady, #J-89194, have signed declarations stating that they observed some of the alleged force at issue in this action, making their proposed testimony relevant. Both also have indicated a willingness to come to court to testify.

Defendants object to Plaintiff's motion as to Patrick Brady, # J-89194, because he was not disclosed to defense as a potential witness until June of 2012.   Defendants contend Patrick Brady, #J-89194's testimony should be excluded pursuant to Rule 37(c) of the Federal Rules of Civil Procedure.

Rule 37(c)(a) provides:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

In his reply brief, Plaintiff states that the reason Patrick Brady, #J-89194, was not disclosed earlier was because he did not know Patrick Brady, #J-89194, had any information about this matter until recently.

The court finds that whether Patrick Brady, #J-89194, should be excluded as a witness pursuant to Rule 37 for an alleged violation of Rule 26 is best addressed by motion in limine and not in reviewing a motion to bring an incarcerated witness to trial.   At this time, the court will order Patrick Brady, #J-89194, along with Scott Hamby, #K-57847, brought to court for trial.  Defendants may still file a motion in limine concerning any Federal Rules of Civil Procedure violations.   The court's determination that Patrick Brady, #J-89194, should be brought to court as an incarcerated witness, does not mean Patrick Brady, #J-89194, will automatically be allowed to testify.  All parties should be prepared to conduct their case regardless of how the court rules on any motion in limine concerning Patrick Brady, #J-89194.

Accordingly, the court ORDERS that:

1. Plaintiff's motion for the attendance of the incarcerated inmates is GRANTED;

2. The court will issue writs of habeas corpus ad testificandum once the trial date has been confirmed; and

3.      The Clerk of the Court is DIRECTED to serve a copy of this order on:

>   Patrick Brady, #J-89194
>   CSP Corcoran
>   P.O. Box 3481,
>   Corcoran, CA 93212
>
>   Scott Hamby, #K-57847.
>   Kern Valley State Prison
>   P.O. Box 5101
>   Delano, CA 93216

IT IS SO ORDERED.

Dated:   January 22, 2013

_____
SENIOR   DISTRICT   JUDGE