# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLE, | CASE NO. 1:09-cv-00476-SAB (PC) |
| Plaintiff, | ORDER AFTER HEARING |
| v. | (ECF No. 87.) |
| LIEUTENANT MUNOZ, et al., | |
| Defendants. | |

Plaintiff James Cole ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 13, 2009. Jury trial is set to begin on Tuesday, April 2, 2013. On March 4, 2013, the Court held a telephonic motions in limine hearing on the issue of incarcerated witness Patrick Brady testifying at trial. (ECF No. 87.) During the hearing, Plaintiff raised, for the first time, the issue of submitting medical records as exhibits at trial to prove damages for emotional injury. The Court's pretrial order did not include any exhibits regarding Plaintiff's medical records. (ECF No. 60.) The Court liberally construes Plaintiff's request as a motion to amend the pretrial order to include Plaintiff's medical records as trial exhibits. Federal Rule of Civil Procedure 16(e) provides that the pretrial order shall only be modified to "prevent manifest injustice."

In response to Plaintiff's request, Defendants argued that Plaintiff failed to raise the issue of emotional damages during discovery, and Plaintiff is therefore precluded from offering evidence at trial on the issue. Following the hearing, Defendants submitted copies of Plaintiff's responses to all four defendants' discovery requests and a copy of Plaintiff's deposition. Upon review of the

1  submitted documents, the Court finds that Plaintiff failed to disclose evidence of emotional damages during discovery. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, or a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c). Plaintiff has not provided any information to show that the failure to disclose was substantially justified. Additionally, the failure to disclose evidence of emotional injury was not harmless because Defendants were not given a fair opportunity to rebut this evidence and to adequately prepare their defense before trial. Accordingly,

Plaintiff's request to amend the pretrial order to include medical records of emotional injury as trial exhibits is hereby DENIED.

IT IS SO ORDERED.

Dated:   **March 11, 2013**

UNITED STATES MAGISTRATE JUDGE