# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLE, | CASE NO. 1:09-cv-00476-SAB PC |
| Plaintiff, | **ORDER REGARDING MOTIONS IN LIMINE** |
| v. | (ECF Nos. 65, 66, 67, 68, 75, 86, & 108) |
| LIEUTENANT MUNOZ, et al., | |
| Defendants. | |

Plaintiff James Cole ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 13, 2009. This matter is set for jury trial on April 2, 2013.

On April 1, 2013, a telephonic pretrial hearing was held on motions in limine. Plaintiff telephonically appeared representing himself in the matter. Defense counsel Martha Stringer appeared in person on behalf of Defendants.

The Court makes the following ruling with regard to the pending motions in limine. For the reasons stated on the record at the hearing, the Court makes the following ruling with regard to the parties' motions in limine.

### I.    Plaintiff's Motion to Exclude DVD of June 19, 2007 Cell Extraction (ECF Nos. 75 & 86.)

Plaintiff objects to Defendants showing the DVD of the June 19, 2007 cell extraction as irrelevant and highly prejudicial.

**Ruling:** For the reasons stated on the record, the Court grants Plaintiff's motion in limine.

1   The events of the June cell extraction are not relevant to the alleged excessive force and retaliation

2   that occurred in September 2007. Fed.R.Evid. 401 and 402. However, if at any time during trial this

3   evidence becomes relevant, the parties shall first notify the Court of its relevancy prior to its

4   admission and/or use.

5       **II.     Defendants' Motion to Exclude Any Reference to Source of Judgment (ECF No. 65.)**

6

7       Defendants moved to exclude any reference to whether the State of California or CDCR

    would be liable for paying any verdict for compensatory damages against Defendants.

8

9       **Ruling:**  For the reasons stated on the record, the Court grants Defendants' motion in limine

10   because such evidence is irrelevant at trial.  Fed.R.Evid. 401 and 402.

11      **III.    Defendants' Motion to Preclude Witnesses From Testifying About Unrelated Matters (ECF No. 66.)**

12      Defendants object to the introduction of evidence or other testimony concerning matters

13   unrelated to the present case.

14      Plaintiff seeks evidence regarding the general culture of excessive and unnecessary force,

15   harassment, and systematic retaliation in Corcoran prison.

16      **Ruling:**  For the reasons stated on the record, the Court grants Defendants' motion in limine

17   because such evidence is irrelevant at trial.  Fed.R.Evid. 401 and 402.

18      **IV.     Defendants' Motion to Exclude Evidence Related to Dismissed Parties and Claims (ECF No. 67.)**

19

20      Defendants object to Plaintiff introducing testimony or other evidence unrelated to the claims

    at issue in this action, or any claims that were previously dismissed.

21

22      **Ruling:**  The Court grants Defendants' motion in limine because evidence of unrelated or

    dismissed claims and Defendants are irrelevant to at trial.  Fed. R. Evid. 401 and 402.

23

24      **V.      Defendants' Motion to Exclude February 14, 2008 Modification Order (ECF No. 68.)**

25      The modification order is part of Plaintiff's prison appeal related to the June 19, 2007

26   incident. Plaintiff had wanted to view the videotape of the cell extraction, and the modification order

27   allowed him to do so.  Defendants argue that the modification order has nothing to do with the

28   excessive force or retaliation for filing an appeal in September 2007, and therefore should be

1    excluded as irrelevant and unduly prejudicial.

2        **Ruling:** For the reasons stated on the record, the Court grants Defendants' motion in limine

3    because such evidence is irrelevant and of no probative value at trial.  Fed. R. Evid. 401 and 402.

4        **VI.    Plaintiff's Motion to Strike Allegations from Defendants Trial Brief (ECF No.
            108.)**

5

6        Plaintiff seeks to strike parts of Defendants' trial brief that are inconsistent with

    interrogatories taken during discovery.  Plaintiff also seeks sanctions against Defendants and Counsel

7    for submitting false statements in their trial brief.

8        **Ruling:** For the reasons stated on the record, the Court denies Plaintiff's motion in limine.

9        IT IS FURTHER ORDERED that if at any time during trial the above mentioned evidence

10   becomes relevant and/or is used for impeachment and/or any other evidentiary reason, the parties

11   shall first raise the issue with the Court and obtain a ruling prior to its admission and/or use at trial.

12

13   IT IS SO ORDERED.

14       **Dated:    April 1, 2013**              _____

15                                        UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28