# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLE, | Case No. 1:09-cv-00476-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS |
| v. | (ECF No. 130) |
| LIEUTENANT MUNOZ, et al., | |
| Defendants. | |

Plaintiff James Cole ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 13, 2009. On April 2, 2013, this matter proceeded to trial. On April 4, 2013, after a jury verdict, the Court entered judgment in favor of the Plaintiff against Defendants Rocha and Blasdell for excessive force only and found that their conduct was malicious, oppressive, or in reckless disregard for Plaintiff's rights. The Court entered judgment in favor of Defendants Munoz and Dicks for excessive force and in favor of Defendants Munoz, Dicks, Rocha, and Blasdell for retaliation. On May 31, 2013, Plaintiff filed a post-trial motion for discovery sanctions under Federal Rule of Civil Procedure 37(c)(2). (ECF No. 130.)

Plaintiff's motion argues that during discovery, Defendants failed to admit matters that were later proved at trial. Plaintiff's motion focuses on the requests for admission dealing with 1) Defendants Blasdell and Rocha tricking Plaintiff out of his cell and ignoring his requests to

1

return; and 2) Defendants Blasdell and Rocha using excessive force against Plaintiff.  In response to the request for admissions, Defendants Blasdell and Rocha both denied tricking Plaintiff out of his cell; denied refusing Plaintiff's requests to return to his cell; and denied using excessive force against Plaintiff.  Due to the fact that the jury found that Defendants Blasdell and Rocha used excessive force, Plaintiff argues that Defendants failed to admit to discovery requests, and is therefore entitled to his costs for proving those matters at trial.

Federal Rule of Civil Procedure 37(c)(2) allows for post-trial sanctions against a party that failed to admit a fact in discovery that was later proved.  Enforcement of this rule encourages attorneys and parties to identify undisputed issues early to avoid unnecessary costs.   Rule 37 states in pertinent part:

> **(2) Failure to Admit.**  If a party fails to admit what is requested under Rule 36 and the party requesting the admissions thereafter proves a document to be genuine or the matter true, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court must so order unless:
> **(A)**   the request was held objectionable pursuant to Rule 36(a);
> **(B)**   the admission sought was of no substantial importance;
> **(C)**   the party failing to admit had reasonable ground to believe that the party might prevail on the matter; or
> **(D)**   there was other good reason for the failure to admit

Fed. R. Civ. P. 37(c)(2).  Thus, the rule mandates an award of expenses unless an exception applies.  In this case, the only exception that appears to apply is Rule 37(c)(2)(C), which prohibits sanctions if the party failing to admit had a reasonable ground to believe that the party might prevail on the matter.  "[T]he true test of under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing that he might prevail." Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 (9th Cir. 1994) (citing Fed. R. Civ. P. 37(c), Advisory Committee Notes on 1970 Amendment).

Here, Rule 37(c)(2) sanctions are not appropriate because Defendants could have reasonably believed they would prevail at trial on the excessive force claim.  Plaintiff

2

argues that he is entitled to sanctions because Defendants Blasdell and Rocha failed to admit they tricked plaintiff out of his cell; failed to take him back to his cell; and failed to admit to using excessive force. Plaintiff's argument focuses on the fact that the jury found that Defendants Blasdell and Rocha did in fact use excessive force, in direct contrast to their own admissions. First, the jury's finding of excessive force did not prove anything in regards to whether Defendants tricked Plaintiff out of his cell or refused to take him back. Second, although the jury ultimately found against Defendants Blasdell and Rocha on the excessive force claim, Plaintiff provides no support as to why Defendants could not have reasonably believed they would prevail at trial on the issue. At trial, Defendants presented evidence in the form of multiple witnesses—all claiming that Defendants did not use excessive force. Plaintiff presented contrary evidence that Defendants did use excessive force. Whether or not Defendants used excessive force was ultimately a question of credibility for the jury to decide. Thus, Defendants were reasonable to believe that the jury could find in their favor on the issue of excessive force.

Moreover, the purpose of Rule 37 is not to provide damages to a prevailing party, but rather to compensate for additional costs related to proving the matters Defendants failed to admit. See Fed. R. Civ. P. 37(c)(2); Comeaux v. Brown & Williamson Tobacco Co., 915 F.2d 1264, 1275 (9th Cir. 1990) (finding that expenses include fees and costs "incurred in proving the truth of a matter where the other party refused to admit the matter"). Plaintiff fails to prove any reasonable expenses associated with the Defendants alleged failure to admit.

Accordingly, Plaintiff is not entitled to discovery sanctions under Rule 37(c)(2) for Defendants' failure to admit.

IT IS HEREBY ORDERED that Plaintiff's motion for discovery sanctions is hereby DENIED.

IT IS SO ORDERED.

Dated: **June 6, 2013**

UNITED STATES MAGISTRATE JUDGE

4