# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LIEUTENANT MUNOZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:09-cv-00476-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 133) |

　　　Plaintiff James Cole ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 13, 2009. On April 2, 2013, this matter proceeded to trial. On April 4, 2013, the Court entered judgment in favor of the Plaintiff against Defendants Rocha and Blasdell for excessive force only and found that their conduct was malicious, oppressive, or in reckless disregard for Plaintiff's rights. The Court entered judgment in favor of Defendants Munoz and Dicks for excessive force and in favor of Defendants Munoz, Dicks, Rocha, and Blasdell for retaliation

　　　On April 28, 2013, Plaintiff filed a motion for an extension of time to file for attorney's fees, costs, and discovery sanctions. (ECF No. 127.) On May 8, 2013, the Court Denied Plaintiff's request. (ECF No. 129.) On July 3, 2013, Plaintiff filed a motion, which the Court construes as a motion for reconsideration. (ECF No. 133.)

　　　Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The

Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

A motion for reconsideration is not the vehicle by which a litigant raises legal argument for the first time when the litigant could have raised in the original motion. Otherwise, there would be no finality to federal court orders, which is why motions for reconsideration are extremely limited in their scope and application. As required by the law, Plaintiff's motion does not present newly discovered evidence, clear error, or an intervening change in the law. The arguments raised by the Plaintiff in this request could have been addressed in his previous motion. Contrary to Plaintiff's assertions, a pro se litigant is not entitled to attorney's fees in this case. Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987). Accordingly,

//

//

//

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

Dated: **July 11, 2013**

UNITED STATES MAGISTRATE JUDGE