# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LIEUTENANT MUNOZ, et al.,<br><br>　　　　Defendants. | Case No. 1:09-cv-00476-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE<br><br>(ECF No. 135) |

　　Plaintiff James Cole ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 13, 2009. On April 2, 2013, this matter proceeded to trial. On April 4, 2013, the Court entered judgment in favor of the Plaintiff against Defendants Rocha and Blasdell for excessive force only and found that their conduct was malicious, oppressive, or in reckless disregard for Plaintiff's rights. The Court entered judgment in favor of Defendants Munoz and Dicks for excessive force and in favor of Defendants Munoz, Dicks, Rocha, and Blasdell for retaliation. The jury awarded Plaintiff one dollar in nominal damages and awarded zero dollars in punitive damages.

　　On July 15, 2013, Plaintiff filed a motion to reopen the case. (ECF No. 135.) On July 22, 2013, Defendants filed an opposition. (ECF No. 139.) Although Plaintiff describes his motion as a motion for reconsideration under Federal Rule of Procedure 60, the Court construes Plaintiff's motion as a motion for a new trial under Rule 59 since the Plaintiff asks the Court to reconsider

1  the judgment denying Plaintiff a monetary award for punitive damages.  Thus, the Court will
2  address Plaintiff's motion under both Rule 59 and Rule 60.
3       A motion for a new trial and/or to amend or alter judgment under Rule 59 must be filed no
4  later than twenty-eight days after entry of judgment, Fed. R. Civ. P. 59(b)(e), and the Court may
5  not grant an extension of time to do so, Fed. R. Civ. P. 6(b)(2).  Here, the deadline to file a Rule
6  59 motion was May 2, 2013, and the Court cannot grant Plaintiff an extension of time.  Fed. R.
7  Civ. P. 6(b)(2).  Accordingly, Plaintiff's motion for a new trial is untimely and must be denied.
8       Alternatively, Federal Rule of Civil Procedure 60(b) governs relief from orders of the
9  district court. The Rule permits a district court to relieve a party from a final order or judgment on
10 grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an
11 opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion
12 for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used
13 sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where
14 extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The
15 moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id.
16 Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are
17 claimed to exist which did not exist or were not shown upon such prior motion, or what other
18 grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly
19 unusual circumstances, unless the district court is presented with newly discovered evidence,
20 committed clear error, or if there is an intervening change in the controlling law," and it "may *not*
21 be used to raise arguments or present evidence for the first time when they could reasonably have
22 been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,
23 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).
24     Plaintiff's motion does not present newly discovered evidence, clear error, or an
25 intervening change in the law.  Plaintiff argues that the Court erred in not awarding monetary
26 punitive damages to Plaintiff.  However, punitive damages are never awarded as a matter of right,
27 no matter how egregious the defendant's conduct. Smith v. Wade, 461 U.S. 30, 53 (1983).  The
28 question of punitive damages was properly left to the jury, who in this case awarded no monetary

punitive damages.  Accordingly,

    IT IS HEREBY ORDERED that Plaintiff's motion to reopen the case is DENIED.

IT IS SO ORDERED.

Dated: __July 24, 2013__

UNITED STATES MAGISTRATE JUDGE