# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COLE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LIEUTENANT MUNOZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:09-cv-00476-SAB (PC)<br><br>ORDER DENYING DEFENDATS' BILL OF COSTS<br><br>(ECF No. 126) |

　　　　Plaintiff James Cole ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 13, 2009. On April 4, 2013, the Court entered judgment in favor of the Plaintiff against Defendants Rocha and Blasdell for excessive force only and found that their conduct was malicious, oppressive, or in reckless disregard for Plaintiff's rights. The Court entered judgment in favor of Defendants Munoz and Dicks for excessive force and in favor of Defendants Munoz, Dicks, Rocha, and Blasdell for retaliation. (ECF No. 122.) On April 18, 2013, Defendants submitted a bill of costs. (ECF No. 126.) Defendants submitted bills for the depositions and transcripts of Plaintiff and of Plaintiff's witness, Patrick Brady.[1]

　　　　The decision whether to award costs "ultimately lies within the sound discretion of the

---

[1] Defendants submitted a bill of costs for $437.88. Defendants submitted two different invoices for depositions and transcripts, one for $425.15 and the other for $581.10. The Court is unable to determine how Defendants arrived at $437.88 as the bill of costs total.

1

district court." Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1173 (2013). Federal Rule of Civil Procedure 54 provides that costs should be allowed to the prevailing party. Parties prevail when judgment is entered in their favor. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1021-23 (9th Cir.2002). Where the plaintiff is successful on only some claims, the court must determine whether the successful and unsuccessful claims were related. See Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1063 (9th Cir. 2006); Dang v. Cross, 422 F.3d 800, 812-13 (9th Cir. 2005); O'Neal v. City of Seattle, 66 F.3d 1064, 1068 (9th Cir. 1995). If the claims are unrelated, then the fee award should not include time spent on unsuccessful claims; if the claims are related, "then the court must . . . [determine] the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended.'" O'Neal, 66 F.3d at 1068-69 (citations omitted); see also Webb v. Sloan, 330 F.3d 1158, 1168 (9th Cir. 2003). "Claims are related where they involve 'a common core of facts' or are 'based on related legal theories.' '[T]he test is whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury upon which the relief granted is premised.'" O'Neal, 66 F.3d at 1069 (quoting Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1499 (9th Cir. 1995)); see also Thomas v. City of Tacoma, 410 F.3d 644, 649 (9th Cir. 2005); Webb, 330 F.3d at 1168-69

Here, the prevailing party issue is further complicated by the fact that the Plaintiff was successful on his excessive force claim against Defendants Rocha and Blasdell but not against Defendants Munoz and Dicks and unsuccessful on his retaliation claims against all Defendants. Courts have "especially broad discretion to award or deny costs in mixed result cases, including cases in which liability was established but recovery was nominal relative to what was sought." Gavoni v. Dobbs House, Inc., 164 F.3d 1071, 1075 (7th Cir. 1999).

Applying the law regarding who is a prevailing party, the Court finds that Defendants Blasdell and Rocha are not the prevailing parties since Plaintiff prevailed on his excessive force claims against them and both claims (excessive force and the retaliatory claim) involved a "common core of facts." However, Defendants Dicks and Munoz, who prevailed on all claims against them by Plaintiff, are prevailing parties which may allow for those defendants to collect

1  the costs requested here.

2      In reviewing the bill of costs submitted by Defendants, the Court finds that the costs requested are related to the excessive force claim which the Plaintiff was the prevailing party against Defendants Rocha and Blasdell.  Neither of these transcripts is attributable solely to Defendants Dicks and Munoz.  Thus, the Court cannot reasonably segregate the costs attributed to Defendants Rocha and Blasdell from the costs attributed to Defendants Munoz and Dicks. Exercising its discretion, the Court find that there is an inability to assess costs solely attributable to prevailing defendants Munoz and Dicks. Accordingly,

    IT IS HEREBY ORDERED that Defendants' bill of costs is DENIED.


IT IS SO ORDERED.

   Dated:   **July 26, 2013**                          _____
                                                         UNITED STATES MAGISTRATE JUDGE